**FILED**
VANESSA L ARMSTRONG, CLERK
Oct 07 2020
U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                                          CRIMINAL NO. 3:19-cr-00062-RGJ

JOHN FRANK NABER III                                                  DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, John Frank Naber III, and his attorney, Scott C. Cox, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the Indictment in this case with violations of: Title 18, United States Code, Sections 922(g)(l) and 924(a)(2); Title 18 United States Code, Section 1956(h); Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A)(viii). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of these offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, Title 18 United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317, by reason of the offenses charged in Counts 1-3 of the Indictment.

2.     Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.     Defendant will enter a voluntary plea of guilty to Counts 1-3 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On or about February 22, 2019, in the Western District of Kentucky, Oldham County, Kentucky, the defendant, **JOHN FRANK NABER III**, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

On or about February 22, 2019, in the Western District of Kentucky, Oldham County, Kentucky, the defendant, **JOHN FRANK NABER III**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about September 18, 2018, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 18-CR-000743-003, **JOHN FRANK NABER III,** was convicted of the offense of Trafficking in a Controlled Substance, Marijuana, Eight or More Ounces but Less than Five Pounds, First Offense, in violation of Kentucky Revised Statute 218A.1421(3)(B), a Class D felony;

knowingly possessed, in and affecting interstate commerce, a firearm, specifically: a Desert Eagle semi-automatic handgun, bearing serial number DK0028427; a Beretta pistol, bearing serial number SZ019127; a Kimber Micro 9 pistol, bearing serial number PB0013339; an American Tactical 1911 pistol, bearing serial number GI114154; and a CZ 805 BREN assault rifle, bearing the serial number 233208.

From approximately March 2018 through February 2019, in the Western District of Kentucky and elsewhere, the defendant **JOHN FRANK NABER III** participated in a money laundering conspiracy. Specifically, the defendant, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, namely trafficking in narcotics, in violation of 21 U.S.C. § 841, conducted and attempted to conduct such financial transactions, affecting interstate commerce, which in fact involved the proceeds of trafficking in narcotics, a specified unlawful activity, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Defendant **JOHN FRANK NABER III** engaged in narcotics trafficking activities for which he received cash proceeds. During the relevant time period from approximately March

2018 through February 2019, **JOHN FRANK NABER III** periodically provided these cash proceeds to another person to be placed in safety deposit boxes not in his name, to conceal **JOHN FRANK NABER III** and his narcotics trafficking activity as the source of the narcotics trafficking proceeds.  Further, **JOHN FRANK NABER III** had some of the proceeds from narcotics trafficking deposited in various bank accounts controlled by others, either individually or jointly, with **JOHN FRANK NABER III,** and transferred funds between multiple accounts to further obscure the sources and control of the funds.  **JOHN FRANK NABER III** in concert with others used some of the deposited cash proceeds to purchase Bitcoin, an unregulated cryptocurrency, in a Coinbase Bitcoin account in not in his name.  **JOHN FRANK NABER III** had actual custody and control of the Bitcoin purchased with proceeds of drug trafficking.

In furtherance of the conspiracy described, **JOHN FRANK NABER III** engaged in or caused numerous financial transactions in Oldham County, Kentucky and elsewhere.  By depositing cash proceeds in both safety deposit boxes and in traditional bank accounts not in **JOHN FRANK NABER III**'s name, transferring money between various bank accounts to layer funds, and using drug proceeds to purchase Bitcoin, and by other means, defendants **JOHN FRANK NABER III** acted in concert with another person to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of narcotics trafficking.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a combined maximum term of life imprisonment, a combined maximum fine of $10,500,000.00, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.  Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, Title 18 United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317, by reason of the offenses charged in Counts 1-3 of the Indictment..

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $300.00 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, including but not limited to the defendants' interest in any of the following property:

- Real property located at 929 Brentwood Ave Louisville, KY 40026;

- Real property located at 10415 West Highway 42, Goshen, KY 40026;

- $326,703.00 in United States Currency;

- Bitcoin previously seized during the course of the investigation;

- Desert Eagle semi-automatic handgun, bearing serial number DK0028427;

- Beretta pistol, bearing serial number SZ019127;

- Kimber Micro 9 pistol, bearing serial number PB0013339;

- American Tactical 1911 pistol, bearing serial number GI114154; and

- CZ 805 BREN assault rifle, bearing the serial number 233208.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

**Base Level Offense:** **38 [§2D1.1(a)(1)]**
                        **+2 [§2D1.1(b)(1)]   (gun)**
                        **+2 [§2S1.1]          (money laundering)**
                        ----------------------
                        **42 Adjusted Offense Level**
                        **(-3 for Acceptance of Responsibility**)

    **Applicable Offense Level: 39**

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and

voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13.    This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14.    Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

-Real property located at 929 Brentwood Ave Louisville, KY 40026;

-Real property located at 10415 West Highway 42, Goshen, KY 40026;

-$326,703.00 in United States Currency;

-Bitcoin previously seized during the course of the investigation;

-Desert Eagle semi-automatic handgun, bearing serial number DK0028427;

-Beretta pistol, bearing serial number SZ019127;

-Kimber Micro 9 pistol, bearing serial number PB0013339;

-American Tactical 1911 pistol, bearing serial number GI114154; and

-CZ 805 BREN assault rifle, bearing the serial number 233208.

15.    Defendant agrees to a pre-plea investigation by the United States Marshal's Service for the purpose of assessing the value of each and every asset. Defendant agrees to undergo a full debriefing in order to accomplish this end.

16. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment.  Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

17. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed [until the cooperation phase has been completed and title to all assets has fully vested in the United States].  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

18. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

19. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

20. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the

Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.  Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

21. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

22. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court.  In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

24. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By: _____          Oct 07, 2020
Corinne E. Keel                                 Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____               Oct 07, 2020
John Frank Naber III                            Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____               Oct 07, 2020
Scott C. Cox                                    Date
Counsel for Defendant

RMC:cek