UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                     CRIMINAL NO. 3:19-CR-00062-BJB

JOHN FRANK NABER III                                                                    DEFENDANT

### SENTENCING MEMORANDUM
*-Electronically Filed-*

The United States, by counsel, Assistant United States Attorney, Corinne E. Keel, files its sentencing memorandum for the sentencing of John Frank Naber III scheduled for January 20, 2021 at 10:30 a.m. in Louisville, Kentucky.

**A. STATEMENT OF FACTS**

The United States agrees with the facts as presented in the presentence investigative report for the defendant. [Presentence Investigation Report, DN 71 at ¶¶ 10-25.]

**B. GUIDELINES**

The presentence report correctly calculates the defendant's total offense level at 41, as adjusted for his acceptance of responsibility. [*Id.* at ¶ 44.]

**C. CRIMINAL HISTORY**

The United States agrees with the presentence report that the defendant falls into criminal history Category II. [*Id.* at ¶ 52.]

**D. SENTENCING FACTORS AND RECOMMENDATION**

The plea agreement in this case provides for the United States to recommend a sentence at the low end of the sentencing guidelines, a fine at the lowest end of the guideline range, and a three-point reduction in offense level for the defendant's acceptance of responsibility. The United States will also demand forfeiture of the defendant's interest in any and all property constituting,

or derived from, proceeds the defendant obtained, directly or indirectly, as a result of these offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, including but not limited to the real and personal property enumerated in the Indictment [DN 14].

As the plea agreement is pursuant to Rule 11(c)(1)(B), the defendant would not be allowed to withdraw his guilty plea if the court rejected the terms of the plea agreement. Under the terms of the plea agreement, the defendant is not barred from seeking a downward departure or variance.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed:
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
(5) any pertinent policy statement--
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The United States proposes that that a low-end guidelines sentence is appropriate and adequately serves the interest of justice in this case. In making this recommendation, the United

States has taken into account the defendant's cooperation and acceptance of responsibility in the present case, along with other factors.

The defendant's crimes in this case are gravely serious. Mr. Naber—largely on his own—carried out an extensive drug manufacturing and trafficking scheme. Operating as a de facto distributor, he packaged and shipped his product in bulk to customers, many of whom were also drug dealers. In addition to possessing and moving a staggering quantity of methamphetamine, the defendant possessed a number of firearms at the time of his arrest, despite being prohibited from doing so by a prior felony drug trafficking case and ongoing probation. Mr. Naber's efforts to launder proceeds of his profitable drug trafficking operation further add to the seriousness of his conduct.

Mr. Naber does not have an extensive criminal history. However, his single prior felony case, stemming from his arrest at the end of 2017, illustrates and important turning point for Mr. Naber. At that time, at just 18 years of age, he was arrested for trafficking in marijuana and had the opportunity to participate in felony diversion. The diversion program would have allowed Naber to clean up his act and—after three years of probation without further incident—to continue his adult life without the burden of a felony conviction. Instead, Naber's criminal conduct escalated significantly, he continued carrying out hand-to-hand drug deals, and he launched the narcotic distribution scheme at issue in this case. In assessing the defendant's conduct, it is also worthy of note that he comes from a family of means and had myriad legitimate opportunities available to him, including pursuing his education at the University of Louisville with financial support from his family.

Two significant mitigating factors weigh in favor of a low-end sentence in this case. First is the defendant's age at the time of the offense. Mr. Naber was only nineteen years old at the time of his arrest and, at twenty-one, is still a very young man. His youth and relatively minor criminal history are worthy of consideration as mitigation against the scale and sophistication of his crimes.

The second mitigating factor is the defendant's immediate and full acceptance of responsibility for his conduct in this matter. Once confronted with the initial Complaint against him, the defendant both accepted responsibility and willingly surrendered forfeitable assets to investigators. It is important to note that, though this case has stretched on for a significant time prior to its conclusion with respect to Mr. Naber, the delays were not based on his failure to accept responsibility. Other factors, including the present COVID-19 pandemic, caused delays, but Mr. Naber's willingness to accept responsibility and to plead guilty have saved significant government resources.

A low-end guideline sentence adequately reflects the seriousness of the charged offenses, while taking into account the total circumstances of the present case. It is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing, in accordance with 18 U.S.C. § 3553(a).

## **CONCLUSION**

The United States respectfully requests the Court sentence the defendant in accordance with the recommendation in his plea agreement.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney


 /s/ Corinne E. Keel
Corinne E. Keel
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
Phone:  (502) 625-7041

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel.

 /s/ Corinne E. Keel
Corinne E. Keel
Assistant U.S. Attorney

4